Nov. Term, 1860.

GOODRICH
v.
POSEY.

*N. H. Johnson*, for appellees.

---

### GOODRICH and Others *v.* POSEY and Others.

Under the Revised Statutes of 1852, the Common Pleas Courts have original, exclusive, jurisdiction in all suits involving the validity of wills.

The revision of 1843 gave to Circuit Courts, in the exercise of their chancery powers, concurrent jurisdiction with the Probate Courts in the contestation of the validity of wills, by express enactment. R. S. 1843, p. 499.

Wednesday, December 19.

APPEAL from the *Shelby* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, brought this action, in the *Shelby* Circuit Court, against *Nathan Goodrich* and others, to contest the will of one *Andrew Carnell*, deceased. The will, as alleged in the complaint and proved by the evidence, was, prior to the commencement of this suit, viz.: on *August* 30, 1854, duly probated in the *Shelby* Common Pleas, and admitted to record, &c. The issues were submitted to a jury, who found that *Carnell*, when he made

the instrument purporting to be his will, was not of sound <span>Nov. Term,<br>1860.</span> and disposing mind and memory; that the same was not his will; and, therefore, they found for the plaintiffs. Defendants moved for a new trial, on the alleged ground "that the verdict was unsustained by the evidence." And further, they moved in arrest, assigning for cause "that the Court had no jurisdiction of the case before it." These motions were severally overruled, and final judgment given on the verdict.

GOODRICH
v.
POSEY.

Had the Circuit Court jurisdiction of the cause? This is the controlling inquiry in the case; and its solution depends upon the construction to be given to the various statutory enactments, conferring jurisdiction respectively on the Common Pleas and Circuit Courts. Section 4 of "An act to establish Courts of Common Pleas, defining their jurisdiction, &c., provides that such Court, "within the county, &c., for which it is organized, shall have original and exclusive jurisdiction in all matters relating to the probate of last wills and testaments." 2 R. S., p. 17. And, in addition, there is in the code a statute relative to the probate and contestation of wills, which contains these provisions:

SEC. 38. "If, prior to the admission of any will to probate, an objection thereto, verified by affidavit, &c., be filed, by any person, with the clerk of the Court of Common Pleas, he shall continue the same until the succeeding term of that Court, when, if the person contesting such will, fail to resist the probate thereof, the judge of such Court may admit such will to probate; but if such objection be made before such Court, reasonable time shall be allowed to the party making the same to resist the probate of such will."

SEC. 39. "Any person may *contest the validity* of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the Court of Common Pleas of the county where the testator died, or where any part of his estate is, his allegation in writing, verified by his affidavit, setting forth the unsoundness of the mind of the testator, the undue execution of the will; that the same was executed under duress, or was obtained by fraud, or any other *valid objection* to its *validity*, or the probate thereof; and the executor and all other per-

sons beneficially interested therein, shall be made defendants thereto."

"And it is provided by the same statute, § 43, that "Any person aggrieved by the decision of such Court," in any such case, "may appeal therefrom to the Circuit Court of the proper county, by filing bond," &c. 2 R. S., pp. 317, 318, 319.

These statutory enactments seem to indicate a very obvious legislative intent, that the Common Pleas should have exclusive, original jurisdiction in all suits involving the *validity* of wills. Indeed, § 39, when considered, in connection with the other provisions, to which we have referred, renders such intent so plain as " to leave no room for construction." Nor is this exposition, in any degree, varied by reference to the statute conferring jurisdiction on the Circuit Court. *Id.* § 5, p. 6. It is true, as contended, that under the Revision of 1843, Circuit Courts, in the exercise of their chancery powers, had concurrent jurisdiction with the Probate Courts, in the contestation of the validity of wills; but in that Revision such concurrent jurisdiction is thus expressly conferred: "A will may be established or contested in chancery; and in such case, and also in case of a bill to establish a lost or destroyed will, the same may be prosecuted *in the Circuit or Probate Courts in the proper county.*" R. S., 1843, § 77, p. 499. As this statutory rule, either in form or effect, is not found in the code now in force, we must, consequently, look to §§ 4, 38, 39, and 43, above quoted, for a solution of the question under consideration. And, as has been seen, these sections, affirmatively, confer " exclusive, original jurisdiction," in cases similar to the one before us, upon the Common Pleas: but no existing statute gives such original jurisdiction to the Circuit Court. And the result is, the motion, in arrest of judgment, should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Wick, Davis* and *Wright,* for appellants.

*T. A. Hendricks, M. M. Ray* and *T. A. McFarland,* for appellees.